UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE BELL, | ) 1:10-cv—00852-LJO-SKO-HC |
|         Petitioner, | ) FINDINGS AND RECOMMENDATIONS TO |
| | ) DISMISS THE PETITION |
| | ) (Doc. 6) |
|   v. | ) |
| | ) DEADLINE FOR FILING OBJECTIONS: |
| KELLY HARRINGTON, | ) THIRTY (30) DAYS AFTER SERVICE OF |
| | ) THIS ORDER |
|         Respondent. | ) |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is the first amended petition (FAP), filed in this Court on June 28, 2010 (doc. 6).

    I.  <u>Screening the First Amended Petition</u>

    Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly

1

appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

Petitioner is an inmate of Kern Valley State Prison (KVSP) serving a sentence of fifty-nine (59) years imposed by the Los Angeles Superior Court in 1994 for kidnaping and robbery. (FAP 1.) Petitioner raises two grounds in the petition: absence of a further level of administrative remedy within the California Department of Corrections and Rehabilitation (CDCR), and racial discrimination. (FAP 4.) He refers to his state petition for

2

writ of habeas corpus to provide supporting facts.

In a state petition for writ of habeas corpus filed in California Supreme Court case no. S182576, Petitioner alleged that his CDC 1824 appeal form was overdue, and no further level of appeal remained in the state prison's internal appeal process. He alleged that on August 9, 2007, he filed a CDC 1824 appeal form and "reasonable modification accommodation," and on August 14, 2007, he filed a request for an interview and a staff complaint. (Pet. 11.) He asserts that the warden and appeals coordinator failed to enforce his right to appeal, and he alleges unspecified "racial discrimination" against Petitioner, who is a Black man, in violation of the Fourteenth Amendment. (Pet. 12.) Review of the documentation apparently submitted in connection with the citizen's complaint of August 7, 2007, reveals that Petitioner's complaints concern the failure of Petitioner's wheelchair, which on August 9, 2007, resulted in Petitioner's falling from the wheelchair and suffering pain and delayed accommodation and a refusal of medical treatment; Petitioner's attempt to obtain wheelchair gloves and a seat cushion in 2010; Petitioner's receipt of an allegedly inadequate medical response to sores in 2010; and his suffering inadequate cleaning and abatement response to his having been bitten by a spider in 2009. (FAP 23-24, 40, 43, 48, 51, 62.)

II. Conditions of Confinement

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A habeas corpus petition is the

3

correct method for a prisoner to challenge the legality or duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991)(quoting Preiser v. Rodriquez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases (Habeas Rules), 1976 Adoption.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

In this case, Petitioner alleges that he has been refused medical treatment in prison and has suffered various conditions of confinement. Petitioner's allegations concern his conditions of confinement. Petitioner has not alleged facts that relate to the fact or duration of his confinement. Thus, Petitioner is not entitled to habeas corpus relief, and the petition must be dismissed.

Should Petitioner wish to pursue his claims, he must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983. The Clerk will be directed to send an appropriate complaint form to Petitioner.

III.   Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537

U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court

5

DECLINES to issue a certificate of appealability.

    IV.  Recommendation

    Accordingly, it is RECOMMENDED that:

    1) The petition for writ of habeas corpus be DISMISSED; and

    2) The Clerk Be DIRECTED to close the case; and

    3) The Court DECLINE to issue a certificate of appealability; and

    4) The Clerk be DIRECTED to send to Petitioner a civil rights complaint form for a person in custody.

**IT IS SO ORDERED.**

**Dated:   December 6, 2010**               /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE